## No. 6180.

### M. BERWIN vs. M. LEGRAS.

B. Weiss mortgaged to plaintiff a lot of ground described in the petition. It was forfeited to the State for non-payment of taxes due by Weiss. Subsequently it was sold for taxes to defendant. Plaintiff, the mortgage creditor of Weiss, now sues to subject this property in the hands of said purchaser to the payment of the mortgage debt, the proceeding being by an hypothecary action.

A stock of goods belonging to Weiss was attached by his creditors. The tax collector intervened, claiming a privilege for the amount of taxes due by Weiss, and obtained judgment for some seven hundred dollars, with recognition of privilege superior to that of the seizing creditors. The goods were sold on twelve months credit, and the bonds or obligations of the purchasers have not been collected. This sale was made pending the litigation by order of court on account of the perishable nature of the goods attached.

Although the State had judgment for taxes due by Weiss and was decreed to have a privilege on the goods attached superior to that of the seizing creditors, this imposed no obligation on the tax collector to sue on the bonds given for the goods sold as aforesaid, nor did it impair the right of the State to cause other property of Weiss, the delinquent taxpayer, to be seized and sold for taxes due the State.

The lot in question had been forfeited to the State, and the sale thereof to pay the amount due by the delinquent owner was valid, if the forms of law for a forced sale were observed, about which there is no controversy. While that sale stands the mortgage of Weiss in favor of plaintiff can not be enforced on the property.

APPEAL from the Ninth Judicial District Court, parish of Rapides. Orsborn, J. R. J. Bowman, for plaintiff and appellee. T. C. Manning, for defendant and appellant.

WYLY, J. The motion to dismiss this appeal for want of jurisdiction

*ratione materiæ* is denied, because the matter in dispute, the lot of ground, exceeds in value five hundred dollars.

In 1871, Benjamin Weiss mortgaged to plaintiff the lot of ground in Alexandria described in the petition. It was forfeited to the State for non-payment of taxes due by Benjamin Weiss. Subsequently it was sold for taxes to defendant. Plaintiff, the mortgage creditor of Weiss, now sues to subject this property in the hands of the purchaser to the payment of the mortgage debt, the proceeding being an hypothecary action.

The grounds of plaintiff's action, as stated in his brief, are embodied in two propositions:

First—That the taxes, to pay which the lot in question was sold, were not taxes upon said lot, and were never recorded.

Second—That the tax collector could not at his option abandon the goods upon which the taxes were assessed, and upon which he was decreed to have a privilege superior to all others, and seize and sell the property mortgaged to plaintiff.

The stock of goods of Benjamin Weiss was attached by his creditors, Joseph Hoy & Co. The tax collector intervened, claiming a privilege for the amount of taxes due by Weiss, and obtained judgment for some seven hundred dollars, with recognition of privilege superior to the seizing creditors. The goods, however, were sold on twelve months credit, and the bonds or obligations of the purchasers have not been collected. This sale was made pending the litigation by order of court on account of the perishable nature of the things attached.

Although the State had judgment for taxes due by Weiss, and was decreed to have a privilege on the goods attached superior to Joseph Hoy & Co., this imposed no obligation on the tax collector to sue on the bonds given for the goods sold as aforesaid; nor did it impair the right of the State to cause other property of Weiss, the delinquent taxpayer, to be seized and sold for taxes due the State. The lot in question had been forfeited to the State, and the sale thereof to pay the amount due by the delinquent owner was valid if the forms of law for a forced sale were observed, about which there is no controversy. While that sale stands, the mortgage of Weiss in favor of plaintiff can not be enforced on the property in question. Morrison vs. Larkin, tax collector, 26 An. 699.

It is therefore ordered that the judgment herein in favor of plaintiff be annulled, and it is decreed that plaintiff's demand be rejected with costs.

Rehearing refused.